# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:05cr241 |
| | § | (Judge Crone) |
| LISA LEIGH SHIELDS (4) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on January 8, 2013, to determine whether Defendant violated her supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Stevan Buys.

On October 3, 2006, Defendant was sentenced by the Honorable Paul Brown to fourteen (14) months' custody followed by three (3) years of supervised release for the offense of Conspiracy to Distribute or Possess with Intent to Distribute or Dispense Methamphetamine. On July 20, 2007, Defendant completed her period of imprisonment and began service of her supervised term. On January 23, 2009, Defendant's term of supervised release was revoked. On December 7, 2011, Defendant completed her period of imprisonment and began service of her second supervised term.

On March 23, 2012, the U.S. Probation Officer executed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following mandatory condition: that defendant refrain from any unlawful use of a controlled substance. The petition asserted that Defendant violated the following standard conditions: (1) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed

by a physician; (2) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; (3) the defendant shall not leave the judicial district without permission of the Court or probation officer; and (4) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment. The petition asserted that Defendant violated the following special conditions: (1) under the guidance and direction of the U.S. Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider; and (2) the defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

The petition alleges that Defendant committed the following acts: (1) On January 17, February 1, March 1, and March 11, 2012, Defendant submitted urine specimens that tested positive for methamphetamine. Defendant admitted to said use for January 17 and February 1, 2012; (2) On or about January 6, 2012, Defendant was instructed to attend weekly mental health and substance abuse counseling sessions at Pillar Counseling. Defendant did not attend her regularly scheduled session on March 8, 2012, and she made no attempt to contact the counselor to reschedule the appointment; (3) On or about December 13, 2011, Defendant was instructed to participate in the random drug testing program operated by the U.S. Probation Office. Defendant has not participated in this program, by failing to call the program's notification line since March 14, 2012, resulting in her missing drug tests on March 16 and 21, 2012; (4) On March 2, 2012, Defendant admitted to associating with Terry Donihoo who has previously been convicted of a felony, to wit, on February 15, 2005, he was convicted of Manufacturing of a Controlled Substance-Methamphetamine in Bryan

County, Oklahoma, without the permission of the U.S. Probation Officer. She admitted to obtaining and using methamphetamine with him; (5) On March 2, 2012, Defendant admitted to traveling to Cartwright, Oklahoma, in February 2012, to visit her boyfriend, Terry Donihoo. Said location is outside the judicial district and she did not have the permission of the Court or the probation officer; and (6) According to Defendant's roommate, Ernest Crow, she has not stayed at her reported residence located at 318 E. Shepherd Street, in Denison, Texas, since on or about February 26, 2012. At the time of the petition, Defendant's whereabouts were unknown.

Prior to the Government putting on its case, Defendant entered a plea of true to all of the violations. The guideline range for these violations is eighteen to twenty-four months.

## RECOMMENDATION

The Court recommends that the District Judge revoke Defendant's supervised release. The Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty (20) months with no supervised release to follow. It is also recommended that Defendant be housed in the FMC Carswell.

After the Court announced the recommended sentence, Defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing. Defendant and the Government also waived their right to file objections.

**SIGNED this 11th day of January, 2013.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE